UNITED STATES of America,

v.

Jim WHITTINGTON

No. 4:92–CR–10–1H.

United States District Court,
E.D. North Carolina,
Eastern Division.

Oct. 13, 2005.

Trawick H. Stubbs, Jr.; Stubbs & Perdue, P.A., Raleigh, NC, for Jim Whittington, Defendant.

Barbara D. Kocher, U.S. Attorney's Office, Joshua B. Royster, U.S. Department of Justice, Raleigh, NC, for USA, Plaintiff.

## ORDER

HOWARD, District Judge.

This matter is before the court on the government's motion filed July 26, 2005, demanding installment payments of not less than $5,000 per month from the defendant, the reverend Jim Whittington. A hearing was held in this matter on Thursday, October 6, 2005, at the United States Courthouse in Greenville, North Carolina.

The government contends that the defendant receives substantial economic benefit from World Deliverance Church, Inc. ("WDC"), a.k.a. World Deliverance Crusade, Inc., and is using funds from this church entity to maintain his lifestyle while avoiding a criminal judgment entered against him on October 2, 1992, ordering him to pay $866,032 in victim restitution.

... [I]f it is shown that [a] judgment debtor—

(1) is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; or

(2) is diverting or concealing substantial earnings from any source, or property received in lieu of earnings;

then upon motion of the United States and notice to the judgment debtor, the court may, if appropriate, order that the judgment debtor make specified installment payments to the United States....

In fixing the amount of the payments, the court shall take into consideration after a hearing, the income, resources, and reasonable requirements of the judgment debtor and the judgment debtor's dependents, any other payments to be made in satisfaction of judgments against the judgment debtor, and the amount due on the judgment in favor of the United States.

28 U.S.C. § 3204. At the hearing held in this matter, the government produced

overwhelming evidence in support of its contention that defendant, in 2001 and 2002, engaged in a pattern of diverting and concealing monies through WDC. Defendant orchestrated payment of numerous personal bills and debts by WDC, ostensibly in recompense for services he rendered to that organization, thereby avoiding his legal obligation to pay victim restitution. Defendant also diverted some checks from individual contributors, payable to "Jim Whittington" or "Rev. Jim Whittington," into his personal bank account, while allowing others to be deposited into the church's checking account.

In effect, defendant and his wife lived la dolce vita,[1] staying in the Ritz–Carlton, making exorbitant purchases from international jewelers, enjoying pricey spa treatments, maintaining a country club membership, and driving a Lincoln Town Car and several other automobiles (among many other luxuries), by systematically filtering money through the WDC. During the same time period, defendant did not pay a dime of the money he owed to his victim.

At the hearing, defendant raised the argument that some of the purchases or payments examined by the government, such as certain meals and clothing expenses, were made in furtherance of the legitimate needs of his ministry. While this may have been true in a few instances, a complete and careful review of the 2001 and 2002 financial records submitted by the government in this matter convinces this court that defendant was prone to engage in gross excess in the name of his ministry. This reckless and unnecessary spending would, under normal circumstances, be a matter better left to the scrutiny of each of the sheared sheep in defendant's flock. Here, however, the court itself voices its displeasure with de-

fendant's financial dealings because he has shown blatant and flagrant disregard for a prior court order and for the legitimate financial expectations of the victim of his past crimes.

Fortunately for defendant, 28 U.S.C. § 3204 does not speak to what defendant did in the past, but instead concerns only what he "*is* receiving or *will* receive," or what he "*is* diverting or concealing" at the present time (emphasis added). If the statute dealt with past acts, defendant might well be ordered to make installment payments substantially in excess of what the court orders today. While the court can do nothing under § 3204 to right defendant's 2001 and 2002 wrongs, it has a solemn duty under the same statute to make findings of fact and conclusions of law regarding defendant's current activities—whether he is currently "diverting or concealing substantial earnings from any source, or property received in lieu of earnings," and if so, what the appropriate amount of defendant's installment payments should be.

Margaret M. Davis, an auditor with the Civil Division of the United States Attorney's Office and a Certified Public Accountant and Certified Fraud Examiner, testified for the government in this matter as an expert in the analysis of financial records and reconstruction of income. Ms. Davis offered a detailed summary of transactions made by or for the benefit of the defendant in 2001 and 2002. Ms. Davis testified that she was unable to prepare similar summaries for 2003, 2004, and 2005 (to date), because of defendant's failure to comply with subpoenas in this matter. Notwithstanding the unavailability of some documents, Ms. Davis testified under oath that defendant has provided sufficient financial records for 2003–05 to allow her to

---

**1.** Italian for "the sweet life"; also the name of one of several men's clothiers where defendant spent thousands of dollars outfitting himself using funds provided by WDC.

discern a current pattern of spending similar to that in which defendant engaged in 2001 and 2002.

Having examined all of the evidence presented in this case, and in particular the testimony of Margaret M. Davis and the defendant, the court makes the following findings of fact:

- Defendant Jim Whittington continues to divert and conceal substantial earnings by orchestrating a financial scheme involving personal accounts in the names of defendant and his current wife, Susan Bone, the accounts of the World Deliverance Church, Inc., a.k.a. World Deliverance Crusade, Inc., and other unnamed entities.

- Defendant has failed to fully comply with subpoenas in this matter, and has thereby frustrated the government in its attempt to construct a complete and accurate picture of defendant's current income and resources.

- Defendant has not offered an amount that he is capable of paying or willing to pay each month.

- At the present time, defendant has the ability to make monthly installment payments of $5,500 per month, considering his income, resources, and reasonable requirements.

- Defendant is not experiencing any financial distress or difficulty meeting personal expenses. There was no evidence introduced at the hearing that an order for installment payments would create any financial distress for defendant or prevent him from meeting his needs.

- Aside from payments due in this matter, the court is aware of no other payments to be made in satisfaction of judgments against defendant.

- The current unpaid balance of the restitution in this case is $848,532.00 plus interest.

Based on the foregoing, the court finds as a matter of law that defendant is a judgment debtor who is diverting or concealing substantial earnings and property. Considering the factors listed in 28 U.S.C. § 3204, this court concludes that defendant has the ability to pay the sum of $5,500 per month in installment payments while still meeting his reasonable requirements.

It is therefore ORDERED that defendant pay to the United States of America the sum of $5,500 per month beginning within thirty (30) days of the date of filing of this order, until the defendant's judgment debt, plus accrued interest and costs, has been fully satisfied.